IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RICHARD MASON, | § | |
| | § | |
| Defendant Below, | § | No. 10, 2019 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1412018074 (S) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: January 25, 2019
Decided: February 15, 2019

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## ORDER

After consideration of the notice to show cause and the responses, it appears to the Court that:

(1) On January 7, 2019, the appellant, Richard Mason, filed a notice of appeal from a November 29, 2018 Superior Court order sentencing him for a violation of probation ("VOP"). Under Supreme Court Rule 6(a)(iii), a timely notice of appeal should have been filed on or before December 31, 2018. The Senior Court Clerk issued a notice directing Mason to show cause why this appeal should not be dismissed as untimely filed under Supreme Court Rule 6.

(2) In his response to the notice to show cause, Mason states that his counsel was supposed to file a notice of appeal. Mason's counsel in the VOP

proceeding was asked to respond to this claim. Mason's counsel stated that he provided Mason with an "Advice Regarding Appeal from Violation of Probation" form and that Mason did not consult with him further about filing a notice of appeal.

(3) Time is a jurisdictional requirement.[1] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[2] An appellant's *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[3] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[4]

(4) The record does not support Mason's claim that his counsel was supposed to file a notice of appeal. An "Advice Regarding Appeal from Violation of Probation" form was signed by Mason's counsel and filed in the Superior Court. Counsel provided Mason with the original of the form. The form reflects that Mason was informed that if he wished to appeal the VOP finding or sentence, he had to file a notice of appeal within 30 days and counsel would not file a notice of appeal on his behalf.

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[2] Supr. Ct. R. 10(a).
[3] *Smith v. State*, 47 A.3d 481, 486-87 (Del. 2012).
[4] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

2

(5)     Nothing in the record reflects that Mason's failure to file a timely notice of appeal is attributable to court-related personnel.  Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal.  This appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice